Filed 7/7/26  P. v. McClain CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CYRUS ROCKY McCLAIN, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B347291<br>(Super. Ct. No. 23F-02933)<br>(San Luis Obispo County) |

Appellant appeals a judgment following his conviction after a jury trial for making criminal threats.  (Pen. Code, § 422, subd. (a).)  He admitted an allegation that he had a prior serious felony strike conviction in 2018.  (*Id.*, §§ 245, subd. (a), 667, subd. (b), 1170.12, subds. (a)–(d), 12022.7, subd. (a).)  The trial court sentenced Appellant to an aggregate term of 16 months in prison to be served consecutively to a sentence he was serving in a separate Santa Barbara County case.

Appellant had a dating relationship with J.L. between December of 2021 and March of 2022.  During the relationship,

J.L. received information about articles involving Appellant indicating that he had previously stabbed a woman and "she got sent to the ER."  J.L. testified that she confronted Appellant about these articles but "he didn't have anything to say towards it."

Appellant had been living in a halfway house.  He became angry at J.L. because he learned that J.L. had told his mother that he had been kicked out of his halfway house.

In May 2022, Appellant threatened J.L. that he was going to "put a bullet in [her] head."  During a phone call, he said J.L. was a "rat" and "he's a rodent exterminator."  J.L. testified Appellant said he "kills rats."  She understood this to mean "he was going to kill" her.  Appellant told J.L. to "have fun your last few days on earth" and told her that he was outside her window.

J.L. made a recording of Appellant's telephone call and a transcript of it was admitted into evidence.  The recorded call was played for the jury at trial.

J.L. testified she was scared and believed that Appellant would act on his threats.  She contacted law enforcement. Because of Appellant's threats J.L. moved away and closed her business.  Her fear lasted from the time he made the threats to and including the time she was testifying at trial.  J.L. also obtained a "K-9 dog" for protection.  Appellant did not testify at trial.

We appointed counsel to represent Appellant in this appeal. After reviewing the record, his counsel was unable to find any arguable issues to brief and he filed an opening brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  In March 2026, Appellant's counsel advised him that he may file a supplemental brief with the court within 30 days.  In April 2026, we sent a

notice to Appellant about his right to file a supplemental brief raising any issues he wanted us to consider.  He did not file a supplemental brief.

We have reviewed the record and are satisfied that Appellant's counsel has fully complied with his responsibilities, that no arguable issues exist, and there is no evidence in the record showing any reversible error.  (*Wende*, *supra*, 25 Cal.3d at p. 443.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.